IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LORENZO MISHAAD JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-3258 |
| AMANDA M. BESSICKS, ASSISTANT STATE'S ATTORNEY FOR CECIL COUNTY, et al., | * * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Lorenzo Mishaad Jones's 42 U.S.C. § 1983 (2012) Complaint (ECF No. 1) and Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). Because he appears indigent, the Court will grant Jones's Motion for Leave to Proceed in Forma Pauperis. After screening Jones's Complaint, however, the Court will dismiss it with prejudice.

Jones filed his § 1983 Complaint on September 26, 2016, seeking a jury trial, unspecified compensatory and punitive damages, and equitable relief. (ECF No. 1). Jones, who is confined at the Maryland Reception, Diagnostic and Classification Center in Baltimore, Maryland, files suit against Defendants Amanda M. Bessicks, Assistant State's Attorney for Cecil County, Maryland, and Officer Francis Wallace, detective for the Cecil County Sheriff's Office.

Jones asserts that he was maliciously prosecuted on armed robbery and assault charges. (Id.). He alleges that although evidence was collected by law enforcement, DNA test results were not completed and neither photographic nor real evidence were introduced during his February 3, 2016 jury trial. Jones further alleges that clothing found at his residence does not match the victim's description of the suspect's attire. He contends that the victim did not want to press charges against

him, but Bessicks and Wallace decided to pursue the criminal case and lied to the jury with "make believe" evidence to obtain probable cause to search his apartment and arrest him.  (Id.).

Before permitting the case to move forward or requiring a response from Defendants, the Court will screen Jones's Complaint.  See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").  As part of the screening, the Court will "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

The state court docket shows that on February 5, 2016, Jones was convicted of one count each of armed robbery, robbery, first-degree assault, and second-degree assault.  He was sentenced to a fifteen-year term on the armed robbery count and a five-year sentence on the assault count.  There is no showing that the criminal judgments were overturned or otherwise officially rendered invalid.  State v. Jones, Case No. 07-K-15-001159 (Circuit Court for Cecil County).   See http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

To the extent that Jones seeks damages under 42 U.S.C. § 1983 for civil rights violations during his criminal case, the Court will dismiss his Complaint without prejudice because Jones's claims are not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).

The plaintiff in Heck, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction.  Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had

also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court of the United States concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

<u>Heck</u>, 512 U.S. at 486–87.

Here, Jones challenges the constitutionality of his convictions and incarceration and seeks compensatory damages. Because a judgment in Jones's favor would necessarily imply the invalidity of his criminal conviction, the Court will dismiss Jones's Complaint.

For the aforementioned reasons, the Court will GRANT Jones's Motion for Leave to Proceed in Forma Pauperis and DISMISS his Complaint without prejudice. A separate Order follows.

Entered this 29th day of September, 2016

/s/
_____
George L. Russell, III
United States District Judge